PEOPLE v KINSLEY

SEARCHES AND SEIZURES—SEARCH BEORE JAILING.
>A search of a prisoner to inventory his possessions prior to his incarceration is not an unreasonable search.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 January 7, 1972, at Grand Rapids. (Docket No. 11053.) Decided January 25, 1972.

Bobby Kinsley was convicted of unlawful possession of a narcotic drug. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *Jack E. Frost,* Chief Assistant Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

PER CURIAM. The defendant was convicted of unlawful possession of a narcotic drug, contrary to MCLA 335.153; MSA 18.1123.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Searches and Seizures § 52 *et seq.*

The defendant was arrested for violation of parole. Prior to incarceration all persons are searched and an inventory is made of their belongings. During such a procedure in this case, marijuana was discovered on the defendant.

Defendant moved to suppress the evidence and the motion was denied.. He claims the trial court erred in denying the motion.

The Fourth Amendment[1] prohibits unreasonable searches. A search of a prisoner to inventory his possessions prior to incarceration is not an unreasonable search. *Charles v United States,* 278 F2d 386 (CA 9, 1960); *State v Stevens,* 26 Wis 2d 451; 132 NW2d 502 (1965). See concurring opinion of Judge LEVIN in *People v Henry Robinson,* 37 Mich App 115, 119 (1971).

Affirmed.

---

[1] US Const, Am IV.